UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

EVANSTON INSURANCE COMPANY,

    Plaintiff,

vs.                                CASE NO.:  6:16-cv-1649-Orl-40GJK

REPUBLIC PROPERTIES, INC.,
CIMINELLI REAL ESTATE SERVICES
OF FLORIDA, LLC a/k/a, f/k/a CIMLINK
REAL ESTATE SERVICES, L.C., COREY
STANLEY, JR., LAURETTE MUNIZ-
MARCHA and ELIZABETH GARCIA,

    Defendants.
_____/

**DEFENDANT, CIMINELLI REAL ESTATE SERVICES OF
FLORIDA, LLC'S MEMORANDUM OF LAW IN OPPOSITION TO
<u>PLAINTIFF'S MOTION TO STRIKE</u>**

Plaintiff Evanston Insurance Company (Evanston) seeks to strike two defenses asserted in the answer filed by Defendant, Ciminelli Real Estate Services of Florida, LLC (Ciminelli).  Evanston seeks a "drastic remedy" that is not warranted based on the facts and circumstances raised.  Ciminelli's defense #5 and defense #7 relate to the controversy, gave fair notice of Ciminelli's position, do not confuse the issues, and do not prejudice Evanston.  As a result, Evanston's motion to strike should be denied.

**Background/Incident**.

Evanston has filed this declaratory judgment action seeking to deny coverage under two commercial general liability insurance policies issued by its predecessor Essex Insurance Company to the named insured Republic Properties, Inc. (Republic). [Doc. 73, pages 4-5, ¶¶24-25.] Ciminelli is an additional insured under the policies. [Doc. 73, page 5, ¶¶26-27.] In its Second Amended Complaint, Evanston seeks a declaration that its policies do not provide coverage for its insureds with respect to an October 24, 2015 shooting and a resulting lawsuit filed by Corey Stanley. [Doc. 73, page 8, ¶38.]

As the basis for its denial, Evanston relies on a Classification Limitation Endorsement and a Specified/Designated Premises/Project Limitation Endorsement. Although the shooting occurred at a property that is insured on the policy, Evanston seeks to deny coverage because the subject property was classified as vacant when it was not actually vacant. [Doc. 73, pages 8-10, ¶¶42-43, 50-52.]

In defenses #1 - #4 of its answer to the Second Amended Complaint, Ciminelli explained why the two endorsements are ambiguous and do not apply to defeat coverage in this case. [Doc. 75, pages 6-8.] The policies expressly cover Republic's operations as a lessor of its properties, and the shooting occurred at an insured property that Republic had leased to a tenant. See also GEICO General Ins. Co. v. Virtual Imaging Services, Inc., 141 So. 3d 147, 157 (Fla. 2013)("in order for an exclusion or limitation in a policy to be enforceable, the insurer must clearly and unambiguously draft a policy provision to achieve that result."). Ciminelli further outlined its coverage arguments in its motion for

judgment on the pleadings regarding the Amended Complaint [Doc. 68] that was deemed moot when Evanston filed its Second Amended Complaint.

In defense #5, Ciminelli outlined additional circumstances why it would be unfair to adopt Evanston's contrary construction of the policy and its ambiguous endorsements:

> 5. Plaintiff has waived or is estopped from asserting coverage issues based on these endorsements. Although an inspection of the properties was ordered, Plaintiff did not inspect the properties to determine whether they were "vacant buildings – not factories," and Plaintiff did not ask for a rent roll. Plaintiff charged and accepted premiums for the policies that exceeded the risk; the premium for one larger insured premises was incorrectly calculated based on a higher rate.

[Doc. 75, page 8.]  Ciminelli previously asserted the same defense #5 in its answer to Evanston's Amended Complaint.  [Doc. 47, page 7.]  Evanston did not move to strike defense #5 when it was originally raised on November 22, 2016.

In defense #7, Ciminelli asserted its position that Evanston has a duty to provide coverage with respect to the underlying lawsuit:

> 7. Ciminelli has requested that Plaintiff cover Ciminelli with respect to the Stanley lawsuit and provide a defense against the Stanley amended complaint; Plaintiff has not accepted Ciminelli's tender. Because the policies provide coverage to Ciminelli, and the two exclusionary endorsements do not apply, Plaintiff has a duty to defend and indemnify Ciminelli.

[Doc. 75, page 8.]


**<u>Standard Regarding Striking Defenses</u>**.

Evanston seeks to strike the defenses based on Federal Rule of Civil Procedure 12(f). Under the Rule, a court may order that "any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter" be stricken from a pleading. A motion to

strike is a "drastic remedy," it is "disfavored by the courts," and it will usually be denied "unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties." Gesell v. K-Mart Corp., 2011 WL 3628878 at *1 (M.D. Fla. 2011); Clarendon America Ins. Co. v. All Brothers Painting, Inc., 2013 WL 5921538 at *1 (M.D. Fla. 2013)( "A motion to strike is a drastic remedy generally disfavored by the courts, and will ordinarily be denied unless the material sought to be stricken is insufficient as a matter of law.").

"A defendant does not have to aver detailed facts." Gonzalez v. Midland Credit Management, Inc., 2013 WL 5970721 at *2 (M.D. Fla. 2015). Moreover, a majority of judges in the Middle District have held that the plausibility standard under Twombly-Iqbal does not apply to the pleading of defenses. See Lawton-Davis v. State Farm Mutual Auto. Ins. Co., 2015 WL 128392263 at *1 (M.D. Fla. 2015)(collecting decisions).

"When a defendant labels a negative averment as an affirmative defense instead of a specific denial, 'the proper remedy is not to strike the claim, but to treat the claim as a specific denial.'" Heath v. Deans Food T.G. Lee, 2015 WL 1524083 at *1 (M.D. Fla. 2015). In Clarendon America Ins. Co. v. All Brothers Painting, Inc., 2013 WL 5921538 at *7 (M.D. Fla. 2013), the court refused to strike defenses that asserted insured's position that there is insurance coverage for the state court claims because such statements related to the controversy, gave fair notice of the insured's position, did not confuse the issues, and did not prejudice the plaintiff.

**<u>No Basis to Strike Defense #5.</u>**

As noted, in defense #5 Ciminelli outlined specific reasons why it would be unfair to adopt Evanston's construction of the two ambiguous endorsements. Defense #5 is based on two equitable considerations that are factually outlined. The first consideration relates to an inspection of the properties that Evanston ordered but did not complete. The second consideration relates to the excessive premium that Evanston charged for each policy.

When Evanston issued its initial policy to Republic, the policy declarations reflected that an inspection was ordered. [Doc. 73-3, page 5.] But the inspection did not occur. If the inspection had been completed as ordered, Evanston would have been able to investigate whether the subject property was vacant. Evanston could have completed the ordered inspection in a timely fashion to avoid prejudice to its insureds.

The Stanley shooting occurred on October 24, 2015, nine months after the initial policy was issued January 23, 2015. Evanston should not be able to wait until after an incident occurs, a claim is made and a lawsuit is filed against its insureds before raising this issue. The instant dispute would have been avoided if Evanston had inspected the properties as ordered. In this respect, the insureds have been unfairly prejudiced by Evanston's representation that an inspection was ordered.

Evanston argues that this equitable consideration is insufficient because it is "directly contradicted" by the policies. [Doc. 82, page 4.] Ciminelli submits that the construction of a disputed policy provision should not be determined on a motion to strike. Evanston has not cited any case law addressing this specific situation. Moreover,

Ciminelli disagrees with the merits of Evanston's argument: there can be no direct contradiction when the policy does not address this unique circumstance.

Evanston's argument is that it is not obligated to make inspections. But the issue is not whether Evanston can be obligated to make an inspection; the issue is what is the consequence when Evanston tells its insureds that an inspection has been ordered. The quoted policy provision does not address the situation like this where an inspection was in fact ordered. The policies don't say that Evanston can order an inspection and then not complete it, to the detriment of its insureds.

Moreover, the quoted policy provision explains that inspections "relate only to insurability and the premiums to be charged." Insurability and premiums are exactly the considerations at issue in defense #5. If Evanston had completed the ordered inspection, it could have determined the proper status of the subject property and the proper premium to be charged for it.

As it is, Evanston charged an excessive premium for the policies when considering the status of all insured properties. The policies insure property described as Republic Square, which consists of a series of contiguous suites identified as 7430 – 7552 Universal Blvd. The Evanston policies divide Republic Square into five locations: location #1 is 7488 Universal Blvd.; location #2 is 7436 – 7480 Universal Blvd.; location #3 is 7430 Universal Blvd.; location #4 is 7492 – 7552 Universal Blvd.; and location #5 is 7432 Universal Blvd. [Doc. 73-4 at pages 9-10.]

Evanston seeks to rely on the Classification Limitation Endorsement and deny coverage because property location #5 was classified as vacant when it was not vacant.

6

The term "classification" is found on the policy declarations in a section titled "Classification And Premium." [Doc. 73-4 at pages 9-10.] As such, the concept of classification is tied to the premiums charged. The declarations show that Evanston charged two different premium rates based on building classification and that a lower premium rate was charged for those buildings classified as "vacant buildings." Property location #5 is the smallest of the properties by area (area of 7278), and its premium reflects the lower of the two premium rates. A much larger property (area of 19550), identified as location #3 (7430 Universal Blvd.), was charged the higher premium rate but was actually vacant.

If the classification and premium calculations on these two property locations were switched and revised, the premium actually charged by Evanston would still exceed the proper premium. Applying the listed rates, Evanston charged and received a much higher premium for each policy because it charged the higher rate on a much larger property that was vacant. Under the circumstances, Evanston has received a windfall and should not be heard to complain about the classification of an individual insured property. Evanston charged Republic more than an appropriate premium for the entire Republic Square to be covered as it was being used.

Evanston argues that equitable considerations cannot create coverage but can be used to avoid a forfeiture of coverage. Evanston assumes that there is no coverage based on its endorsements. But there is no support for that assumption. As noted, the endorsements are ambiguous and do not defeat coverage for these claims. These equitable considerations further show why the endorsements do not defeat coverage.

As shown, defense #5 provides fair notice to Evanston of the dispute that exists in this action. Evanston cannot argue that it is prejudiced by the issues raised in defense #5. As a result, the motion to strike defense #5 should be denied.

**<u>No Basis to Strike Defense #7</u>**.

Defense #7 expresses Ciminelli's disagreement with Evanston's coverage position and asserts its contrary position that Evanston has a duty to provide coverage with respect to the underlying <u>Stanley</u> lawsuit.  Evanston argues that Defense #7 contains nothing more than "a generalized, conclusory, bare bones allegation." [Doc. 82, page 6.]  But the defense provides additional factual background to explain why there is an actual dispute between Ciminelli and Evanston over coverage for the <u>Stanley</u> lawsuit.  The defense specifically states that Ciminelli asked for a defense and that Evanston has not accepted the tender.  In its pleading, Evanston did not allege these facts: the Second Amended Complaint does not mention that Ciminelli requested a defense.  The additional factual assertions explain why there is a cognizable dispute in this case that warrants declaratory relief.

Furthermore, defense #7 seeks the opposite relief requested by Evanston.  While Evanston seeks a declaration that it "has no duty to defend or indemnify Republic and Ciminelli;" defense #7 explains to the Court that Evanston "has a duty to defend and indemnify Ciminelli."  To the extent defense #7 is considered a "negative averment" rather than a defense, "the proper remedy is not to strike the claim, but to treat the claim as a specific denial."  <u>Heath v. Deans Food T.G. Lee</u>, 2015 WL 1524083 at *1 (M.D. Fla.

2015); Clarendon America Ins. Co. v. All Brothers Painting, Inc., 2013 WL 5921538 at *7 (M.D. Fla. 2013).

Defense #7 provides fair notice to Evanston of the dispute that exists in this action. Evanston cannot argue that it is prejudiced by the explanation in defense #7. As a result, the motion to strike defense #7 should be denied.

WHEREFORE, Defendant Ciminelli requests that the Court deny Plaintiff Evanston's motion to strike.

Respectfully submitted,

s/ *David B. Shelton*
DAVID B. SHELTON, ESQUIRE
Florida Bar No. 0710539
RUMBERGER, KIRK & CALDWELL, P.A.
Lincoln Plaza, Suite 1400
300 South Orange Avenue (32801)
Post Office Box 1873
Orlando, Florida 32802-1873
Telephone: (407) 872-7300
Telecopier: (407) 841-2133
E-mail: dshelton@rumberger.com
Attorneys for Defendant,
Ciminelli Real Estate Services of Florida, LLC

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on April 3, 2017, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to the following non-CM/ECF participants: **Elizabeth Garcia, DC Number X92411, c/o Hernando Correctional Facility, 16415 Spring Hill Drive, Brookville, Florida 34604-8167.**

s/ *David B. Shelton*
DAVID B. SHELTON, ESQUIRE
Florida Bar No. 0710539
RUMBERGER, KIRK & CALDWELL, P.A.
Lincoln Plaza, Suite 1400
300 South Orange Avenue (32801)
Post Office Box 1873
Orlando, Florida 32802-1873
Telephone: (407) 872-7300
Telecopier: (407) 841-2133
E-mail: dshelton@rumberger.com
Attorneys for Defendant,
Ciminelli Real Estate Services of Florida, LLC