UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

EVANSTON INSURANCE COMPANY,

    Plaintiff,

v.

Case No: 6:16-cv-1649-Orl-40GJK

REPUBLIC PROPERTIES, INC., CIMINELLI REAL ESTATE SERVICES OF FLORIDA, LLC, COREY STANELY, JR., LAURETTE MUNIZ-MARCHA, ELIZABETH GARCIA, and JESSICA CAMACHO,

    Defendants.

## ORDER

This cause comes before the Court on Defendant Republic Properties, Inc.'s Motion to Dismiss Third Amended Complaint (Doc. 93), filed April 28, 2017. On May 12, 2017, Plaintiff responded in opposition. (Doc. 97). Upon consideration, Defendant's Motion to Dismiss will be denied.

## I.    BACKGROUND[1]

Plaintiff, Evanston Insurance Company ("Evanston"), brings this action pursuant to the Declaratory Judgment Act to resolve an insurance coverage dispute it has with Defendants. Defendant, Republic Properties, Inc. ("Republic"), owns real property located in Orlando, Florida (the "Subject Property"). Through a property manager, Republic leased the Subject Property to Glitz Ultra Lounge to operate as a nightclub. Evanston issued two commercial general liability insurance policies to Republic covering the Subject Property;

---

[1]    This account of the facts is taken from Plaintiff's Third Amended Complaint (Doc. 89), the factual allegations of which the Court accepts as true when considering Defendant's Motion to Dismiss. *See Linder v. Portocarrero*, 963 F.2d 332, 334 (11th Cir. 1992)

1

one policy covered the Subject Property for the policy period of January 23, 2015 to January 23, 2016 (the 2015–2016 Policy"), and the other policy covered the Subject Property for the policy period of January 23, 2016 to January 23, 2017 (the "2016–2017 Policy) (collectively, the "Policies").  The Policies require Evanston to defend and indemnify Republic for covered bodily injuries or property damage.

At approximately 1:00 a.m. on February 7, 2016, a shooting incident occurred at Glitz Ultra Lounge that resulted in the death of two individuals and injuries to several others.  Some of those who suffered injuries have submitted claims to Republic or have sued Republic to recover for their injuries.  Evanston advised Republic that it would investigate these claims and lawsuits as required by the 2016–2017 Policy, subject to a reservation of rights.

Upon investigation, however, Evanston learned that Republic had provided false information when it applied for the Policies.  Specifically, Republic described the Subject Property as a vacant building in its applications with Evanston, when in fact the Subject Property was being operated as a nightclub.  Because the 2016–2017 Policy only provides coverage for the operations specified in the application for insurance—that is, for a vacant building—Evanston contends that it owes no duty to defend or indemnify Republic against any of the claims or lawsuits arising out of the February 7, 2016 shooting incident, when the Subject Property was being operated as a nightclub.  Evanston therefore initiated this lawsuit and seeks a declaratory judgment stating as much.  Republic moves to dismiss Evanston's Third Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failing to state a claim for relief.

## II. STANDARD OF REVIEW

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of the plaintiff's complaint. In order to survive the motion, the complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face when the plaintiff alleges enough facts to "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The mere recitation of the elements of a claim is not enough, and the district court need not give any credence to legal conclusions that are unsupported by sufficient factual material. *Id.* District courts must accept all well-pleaded allegations within the complaint and any documents attached thereto as true and must read the complaint in the light most favorable to the plaintiff. *Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1484 (11th Cir. 1994) (per curiam).

## III. DISCUSSION

The Declaratory Judgment Act grants to the federal district courts the power to "declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201. An essential element for every declaratory judgment action is the existence of an "actual controversy" between the parties. *Aetna Life Ins. Co. of Hartford, Conn. v. Haworth*, 300 U.S. 227, 239–40 (1937). An actual controversy exists when "there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Md. Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 273 (1941). Ordinarily, a controversy is not sufficiently immediate or real where the parties' dispute is only hypothetical and not yet ripe, has been rendered moot, or where the court's resolution of the matter would be purely academic. *See Texas v. United States*, 523 U.S. 296, 300

(1998); *Aetna Life Ins. Co.*, 300 U.S. at 240–41. On the other hand, a court should permit a claim for declaratory judgment to proceed where declaratory relief would (1) "serve a useful purpose in clarifying and settling the legal relations in issue," and (2) "terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding." *Volvo Constr. Equip. N. Am., Inc. v. CLM Equip. Co.*, 386 F.3d 581, 594 (4th Cir. 2004); *accord Allstate Ins. Co. v. Emp'rs Liab. Assurance Corp.*, 445 F.2d 1278, 1280 (5th Cir. 1971).

Republic moves to dismiss the Third Amended Complaint on the grounds that Evanston's declaratory judgment claims present no actual controversy and are not yet ripe for adjudication. Republic asserts that Evanston cannot state a claim for declaratory judgment until there has been a decision on whether Republic is responsible for any of the injuries sought in the underlying claims and lawsuits.

The Court finds Republic's argument unavailing. The facts alleged in the Third Amended Complaint clearly articulate a ripe and justiciable controversy between Evanston and Republic. Evanston alleges that it issued an insurance policy to Republic that covered bodily injuries incurred at a property which was classified and operated as a vacant building. However, Evanston later discovered that the Subject Property was in fact being operated as a nightclub, thus precluding coverage for bodily injuries according to the policy's terms. Now that individuals have sued and submitted claims to Republic seeking to recover for injuries they suffered during the February 7, 2016 shooting incident, Evanston contends that it has no duty to defend against or indemnify those claims. Unless Republic agrees with Evanston's position on this matter, then an actual controversy exists between them.

Further, the fact that Republic has not yet been found responsible for any of the injuries at issue is of no consequence. "[I]n the context of an insurance-coverage dispute, when the facts and circumstances indicate that a claim is *likely* to be brought, the claim has

sufficiently ripened to warrant declaratory judgment." *Nat'l Gen. Ins. Online, Inc. v. Black*, No. 5:15-cv-111-Oc-30PRL, 2015 WL 5009703, at *3 (M.D. Fla. Aug. 24, 2015). Evanston alleges that a number of claims and lawsuits have been brought against Republic arising out of the February 6, 2017 shooting incident which would invoke its duties to defend and indemnify under the 2016–2017 Policy. A declaratory judgment would serve a useful purpose in settling the parties' legal obligations and would afford relief from the uncertainty, insecurity, and controversy giving rise to the proceedings. *See Mid-Continental Cas. Co. v. Devonshire Props., Inc.*, No. 8:15-cv-1049-T-17JSS, 2015 WL 12831311, at *2 (M.D. Fla. Nov. 12, 2015) (finding insurance coverage dispute sufficiently ripe where declaration would settle the parties' legal obligations and "help to facilitate an early resolution of the parties' coverage issues"). Evanston therefore states claims under the Declaratory Judgment Act.

## IV. CONCLUSION

For the aforementioned reasons, it is **ORDERED AND ADJUDGED** that Defendant Republic Properties, Inc.'s Motion to Dismiss Third Amended Complaint (Doc. 93) is **DENIED**. Defendant has **fourteen (14) days** from the date of this Order to answer Plaintiff's Third Amended Complaint.

**DONE AND ORDERED** in Orlando, Florida on May 19, 2017.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

5