UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

EVANSTON INSURANCE COMPANY,

        Plaintiff,

vs.                                     CASE NO.:  6:16-cv-1649-Orl-40GJK

REPUBLIC PROPERTIES, INC.,
CIMINELLI REAL ESTATE SERVICES
OF FLORIDA, LLC a/k/a, f/k/a CIMLINK
REAL ESTATE SERVICES, L.C., COREY
STANLEY, JR., LAURETTE MUNIZ-
MARCHA, ELIZABETH GARCIA,
JESSICA CAMACHO and VICTORIA LEE
CANELLAS,

        Defendants.

_____/

**DEFENDANT, CIMINELLI REAL ESTATE SERVICES OF FLORIDA, LLC'S**
**MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL**

        Plaintiff seeks to compel certain discovery from Defendant, CIMINELLI REAL

ESTATE SERVICES OF FLORIDA, LLC ("Ciminelli") that goes beyond the insurance

coverage issues involved in this declaratory judgment action and, instead, relates to the

underlying shooting incident or the underlying tort lawsuit filed by Corey Stanley.  This

insurance coverage lawsuit is not intended to litigate issues of what happened in the

shooting incidents, which parties may be legally liable for the shootings, or whether

Stanley will prevail in his state-court lawsuit. As a result, Plaintiff's discovery is

irrelevant and Plaintiff's motion to compel should be denied.

A.      **Plaintiff's First Request for Production to Ciminelli**

**Plaintiff's Request No. 2:**   All correspondence between You and Republic relating to the Incident or the Stanley Lawsuit.

**Ciminelli's Response:**   Plaintiff Evanston's request for "all correspondence between Ciminelli and Republic relating to the Incident or the Stanley Lawsuit" is overbroad and not relevant to the specific coverage issues raised in this declaratory judgment action.   Evanston has denied coverage under two CGL policies issued to Republic; and Evanston has filed this declaratory judgment action specifically seeking a declaration whether two endorsements to the policies exclude coverage.   As Evanston has acknowledged, "the sole question before the Court is one of coverage." Copies of the two Evanston CGL policies and the two applications have been attached to the pleadings filed in this declaratory judgment action. Confidential and proprietary business reporting between Ciminelli and Republic that has occurred after the subject shooting incidents is not relevant to whether coverage exists under the two endorsements, and should be protected from discovery.   Furthermore, discovery regarding the facts and circumstances of the alleged shooting incidents is beyond the scope of this declaratory judgment action. See also responses to #3 and #5.

**Reasons Why Plaintiff's Motion Should Be Denied:**   Plaintiff served this request to produce on March 23, 2017, and Ciminelli responded on April 21, 2017. Plaintiff has offered no reason why it waited until December 14, 2017 – the day before discovery cutoff – to file a motion to compel regarding this discovery request.   Moreover, Plaintiff's counsel did not mention any issue with its March 23, 2017 request when

2

counsel had their Rule 3.01(g) telephone conferences on December 12 and 13, 2017.  In those telephone conferences, Plaintiff asked Ciminelli to reconsider producing the redacted portions of its monthly operating reports that had been produced in connection with Ciminelli's corporate representative deposition taken on December 5, 2017.

As the motion acknowledges, undersigned counsel explained to Plaintiff's counsel that the post-shooting reporting between Ciminelli and Republic involved strategic discussions between the property owner and its property manager once Ciminelli became aware of the shootings.  [Doc. 160, page 2.]  As explained at the recent corporate representative depositions, no representative from Republic or Ciminelli has any first-hand knowledge of the shootings; and Ciminelli learned of the February 2016 shooting only by seeing the news reports.  As would be expected, the shootings raised business concerns for Ciminelli and Republic that have nothing to do with insurance.  For example, there were considerations about the nightclub tenant's continued occupancy of the property; issues involving rent and cash flow for Republic's business; questions how to deal with press inquiries; considerations whether counsel should be retained, for what issues, at what point, and at what cost; and recommendations for counsel.

Correspondence between Ciminelli and Republic involving these types of business topics *after* the shootings is not relevant to the insurance coverage issues being litigated in this declaratory judgment action.   As a result, Plaintiff's motion should be denied.

Plaintiff's motion acknowledges that this declaratory judgment action is "primarily related to the issue of coverage."  [Doc. 160, page 6.]  Indeed, Plaintiff's

Fourth Amended Complaint contends only that coverage is excluded because the policies list the subject building, where the shootings occurred, as being vacant.  [Doc. 126, pages 9-10.]   Plaintiff does not even attempt to show that correspondence "relating to the Incident or the Stanley Lawsuit" is relevant to its "vacancy" coverage issues.   It is undisputed where the nightclub was being operated at the time of the shootings. [Doc. 160, page 3.]

Plaintiff's prior representations to the Court regarding the limited scope of this action conflict with the discovery sought in its motion to compel:

- Plaintiff told this Court that it "seeks a determination of its rights and obligations under the Policies – not a determination of liability for the Stanley Lawsuit." [Doc. 97, page 7.]

- Plaintiff acknowledged that "the Stanley Lawsuit and the instant declaratory judgment action do not present identical issues and do not involve the same parties." [Doc. 97, page 7.]

- Plaintiff explained to the Court that it "is properly seeking a declaratory judgment as to coverage issues which are different than the issues being presented in the Stanley Lawsuit, which focuses on liability in tort and resultant damages." [Doc. 97, page 9.]

- Plaintiff acknowledged that "the existence of actual liability by the insured is not required" in order for its declaratory judgment action to proceed. [Doc. 97, page 11.]

Based on these representations, Plaintiff cannot now claim that it needs discovery regarding the shooting incidents or the Stanley Lawsuit.

Plaintiff's motion suggests, without explanation, that the discovery may be relevant because "there is also a cause of action for reformation at issue."   Ciminelli's reformation claim is based on an inspection of the insured properties and a resulting inspection report dated February 10, 2015 done for Plaintiff's Policy.  [Doc. 129, pages

4

11-12; Doc. 138-1, pages 2-7.]  Ciminelli contends that Plaintiff was advised that the subject property was not vacant based on this inspection and report, which occurred about eight months *prior* to the first shooting in October 2015.  Communications between Ciminelli and Republic that occurred *after* the second shooting in February 2016 are not relevant to Plaintiff's knowledge eight months *before* the first shooting.

Plaintiff argues that communications "could be relevant to information exchanged between Republic and Ciminelli as to Ciminelli's purported mistake in classifying the Subject Property as vacant." [Doc. 160, page 6.]  Ciminelli has produced that exchange of information from the monthly business reports – specifically, Ciminelli produced pages bates stamped C189, C191, C193, C195, C197, C199, C201 and C203 in which Ciminelli reported to Republic regarding the "typographical error on the application."  Thus, Plaintiff already has the responsive communications/reporting regarding "the purported mistake."  Production of business communications involving other topics, outlined above, is unnecessary.

Plaintiff's final argument is that the "Stanley Lawsuit is currently pending against Republic and Ciminelli and any facts related to that lawsuit could be relevant to the instant coverage action."  The Stanley Lawsuit seeks to impose liability on Republic and Ciminelli for the October 2015 shooting at the leased nightclub.  The claims against Republic as lessor of the nightclub and Ciminelli as property manager center on the security provided to guests at the nightclub. [Doc. 126-2, pages 6-9.]  Neither Republic nor Ciminelli provided security for the nightclub's operations; and issues surrounding the security provided at the nightclub have nothing to do with the insurance coverage issues.

5

Moreover, Plaintiff is providing a defense to Republic in the Stanley Lawsuit [Doc. 126-1, page 21] so Plaintiff can access any discovery conducted in the Stanley Lawsuit through its defense of Republic.  Conducting discovery regarding the Stanley Lawsuit in this insurance coverage action is, therefore, completely unnecessary and should not be allowed.

**Plaintiff's Request No. 15**:  All documents pertaining to any claims made by or against You as a result of the Incident and not prepared in anticipation of litigation.

**Ciminelli's Response**:  Plaintiff Evanston already has a copy of the amended complaint filed in the underlying Stanley lawsuit against Ciminelli; Evanston also has copies of the notices of potential claims submitted on behalf of Corey Stanley, Jr., Laurette Muniz-Marcha, Elizabeth Garcia, and Jessica Camacho.  Ciminelli has not received any other notices of potential claims from persons allegedly injured in the subject shooting incidents.  To the extent the request seeks other types of documents, the request is vague and ambiguous.  A request for other types of claims would be overbroad and not relevant to whether coverage exists under the two endorsements raised by Evanston in this declaratory judgment action.  Further objection is raised to the extent the request seeks to discover communications between Ciminelli and its counsel pertaining to these claims.  Such privileged communications are not relevant to whether coverage exists under Evanston's policies.

**Reasons Why Plaintiff's Motion Should Be Denied**:  Plaintiff served this request to produce on March 23, 2017, and Ciminelli responded on April 21, 2017.

Plaintiff has offered no reason why it waited until December 14, 2017 – the day before discovery cutoff – to file a motion to compel regarding this discovery request.  Moreover, Plaintiff's counsel did not mention any issue with its March 23, 2017 request when counsel had their Rule 3.01(g) telephone conferences on December 12 and 13, 2017.  In those telephone conferences, Plaintiff asked Ciminelli to reconsider producing the redacted portions of its monthly operating reports that had been produced in connection with Ciminelli's corporate representative deposition taken on December 5, 2017.

As Ciminelli's quoted Response indicates, Plaintiff already has a copy of the Stanley Lawsuit papers; Plaintiff also has copies of the notices of claims submitted on behalf of Corey Stanley, Jr., Laurette Muniz-Marcha, Elizabeth Garcia, and Jessica Camacho.  It does not appear that any other lawsuits have been filed.  As a result, it is Ciminelli's position that Plaintiff has the available documentation pertaining to claims made by the claimants.

Moreover, it is unclear what additional documents Plaintiff seeks or could possible seek.  Since this request was not discussed at the Rule 3.01(g) telephone conferences, Plaintiff has not specifically identified additional documents or explained its request. And the motion to compel does not offer any explanation of what additional documents are being sought in this request.  [Doc. 160, pages 7-8.]

The motion to compel simply repeats Plaintiff's earlier arguments regarding relevancy of "information relating to the Incident."  [Doc. 160, page 7.]  Ciminelli adopts its responses to those arguments.  Ciminelli has no first-hand knowledge of the shootings; Ciminelli learned of the shootings through the news reports.  This insurance coverage

case is not intended to explore the details of the shooting incidents so discovery regarding the shootings is not necessary or proper. If Plaintiff wants to investigate the shootings, nothing prevents it from contacting the claimants and witnesses or reviewing the discovery conducted in the Stanley Lawsuit. As a result, the motion to compel should be denied.

> **B.**  **Plaintiff's Second Amended Notice of Taking Deposition *Duces Tecum* [of Ciminelli's Corporate Representative, pursuant to Fed. R. Civ. P. 30(B)(6)]**

**Plaintiff's Request No. 1:**  All documents or correspondence between You and Hull & Co, PrimeGroup, Republic, and/or Glitz relating to the coverage sought under the Policies from October 2014 to September 21, 2016.

**Ciminelli's Response:**  Attached are responsive documents and correspondence relating to Plaintiff's commercial general liability insurance policies, from October 2014 to September 21, 2016 [bates stamped C1 through C164]. Defendant repeats its objections that these requests are overbroad and not relevant to the coverage issues in this case.

**Reasons Why Plaintiff's Motion Should Be Denied:**  As noted, in the parties' recent Rule 3.01(g) telephone conferences, Plaintiff asked Ciminelli to reconsider producing the redacted portions of its monthly operating reports that had been produced in connection with Ciminelli's corporate representative deposition taken on December 5, 2017. Plaintiff has limited this part of Plaintiff's motion to compel regarding Request No. 1 to Plaintiff's request for Ciminelli "to unredact the portion(s) of the Monthly

Operating Reports that relates to the two (2) shooting incidents that are the subject of this coverage action." [Doc. 160, page 8.]

Plaintiff's Request No. 1 did not ask for documents "relating to the two (2) shooting incidents." Instead, the request was limited – it sought documents "relating to the coverage sought under the Policies." Ciminelli produced those responsive documents. Ciminelli produced its communications with agent PrimeGroup regarding Plaintiff's Policies; Ciminelli had no communications with agent Hull or tenant Glitz regarding Plaintiff's Policies. And Ciminelli produced the portions of the monthly operating reports in which it reported to Republic regarding matters under Plaintiff's Policies. Those portions involved the 2015 and 2016 renewals of the liability insurance, notice of the shooting incident provided to Plaintiff, notice of claims provided to Plaintiff, and coverage issues raised by Plaintiff "due to a typographical error on the insurance application."

Ciminelli did not produce the portions of the monthly operating reports that involved business considerations arising from the shootings besides insurance under Plaintiff's policies. As explained, the shootings raised business concerns for Ciminelli and Republic that have nothing to do with insurance such as the nightclub tenant's continued occupancy of the property, rent, cash flow, press inquiries, and retention of counsel. Discussions in the monthly operating reports between Ciminelli and Republic involving these types of business topics was not requested in Request No. 1. And any such post-shooting business reporting is not relevant to the insurance coverage issues. As a result, Plaintiff's motion should be denied.

9

Plaintiff argues that "Ciminelli should not be able to prevent the discovery of information relating to either the October 24, 2015 or the February 6, 2016 shooting incidents." [Doc. 160, page 8.]  But Ciminelli has no first-hand knowledge of the shootings, and the purpose of this insurance coverage case is not to explore the details of the shootings.  Plaintiff's Fourth Amended Complaint contends only that coverage is excluded because the policies list the subject building, where the shootings occurred, as being vacant.  [Doc. 126, pages 9-10.]  It is undisputed where the nightclub was being operated at the time of the shootings. [Doc. 160, page 3.]

Plaintiff's prior representations to the Court regarding the limited scope of this action conflict with the discovery sought in its motion to compel:

- Plaintiff told this Court that it "seeks a determination of its rights and obligations under the Policies – not a determination of liability for the Stanley Lawsuit." [Doc. 97, page 7.]

- Plaintiff acknowledged that "the Stanley Lawsuit and the instant declaratory judgment action do not present identical issues and do not involve the same parties."  [Doc. 97, page 7.]

- Plaintiff explained to the Court that it "is properly seeking a declaratory judgment as to coverage issues which are different than the issues being presented in the Stanley Lawsuit, which focuses on liability in tort and resultant damages." [Doc. 97, page 9.]

- Plaintiff acknowledged that "the existence of actual liability by the insured is not required" in order for its declaratory judgment action to proceed.  [Doc. 97, page 11.]

Based on these representations, Plaintiff cannot now claim that it needs discovery regarding the shooting incidents.

Plaintiff's motion suggests, without explanation, that the discovery may be relevant because "there is also a cause of action for reformation at issue."  Ciminelli's

reformation claim is based on an inspection of the insured properties and a resulting inspection report dated February 10, 2015 done for Plaintiff's Policy. [Doc. 129, pages 11-12; Doc. 138-1, pages 2-7.] Ciminelli contends that Plaintiff was advised that the subject property was not vacant based on this inspection and report, which occurred about eight months *prior* to the first shooting in October 2015. Communications between Ciminelli and Republic that occurred *after* the second shooting in February 2016 are not relevant to Plaintiff's knowledge eight months *before* the first shooting.

Plaintiff argues that communications "could be relevant to information exchanged between Republic and Ciminelli as to Ciminelli's purported mistake in classifying the Subject Property as vacant." [Doc. 160, page 9.] As noted, Ciminelli has produced that exchange of information from the monthly business reports regarding the "typographical error on the application." Thus, Plaintiff already has the responsive portions of the reports regarding "the purported mistake." Production of business reporting involving other topics, outlined above, is unnecessary.

Plaintiff's final argument is that the "Stanley Lawsuit is currently pending against Republic and Ciminelli and any facts related to that lawsuit could be relevant to the instant coverage action." [Doc. 160, page 9.] But Request No. 1 did not ask for reporting regarding the Stanley Lawsuit, and the issues in that lawsuit are not relevant to the insurance coverage issues. As noted, the Stanley Lawsuit seeks to impose liability on Republic and Ciminelli for the October 2015 based on the security provided to guests at the nightclub. [Doc. 126-2, pages 6-9.] Neither Republic nor Ciminelli provided security for the nightclub's operations; and issues surrounding the security provided at the

nightclub have nothing to do with the insurance coverage issues.  Moreover, Plaintiff is providing a defense to Republic in the Stanley Lawsuit [Doc. 126-1, page 21] so Plaintiff can access any discovery conducted in the Stanley Lawsuit through its defense of Republic.  Conducting discovery regarding the Stanley Lawsuit in this insurance coverage action is, therefore, completely unnecessary and should not be allowed.

**Plaintiff's Request No. 5**:  Any monthly business reports or any other type of reports provided by You to Republic that mention the negotiation, issuance, review and/or modification or amendment of the Policies from October 2014 to September 21, 2016.

**Ciminelli's Response**:  Attached are responsive parts of the monthly operating reports, from October 2014 to September 21, 2016, that mention the negotiation, issuance, review, modification or amendment of Plaintiff's commercial general liability insurance policies [bates stamped C165 through C203].  Defendant repeats its objections that this request is overbroad and not relevant to the coverage issues in this case. Defendant repeats its objections to production of the remainder of such reports which contain confidential and proprietary business reporting between Ciminelli and Republic, that is not relevant to whether coverage exists under Plaintiff's two policies, and that should be protected from discovery.

**Reasons Why Plaintiff's Motion Should Be Denied**:  This part of Plaintiff's motion to compel repeats Plaintiff's request for Ciminelli "to unredact the portion(s) of the Monthly Operating Reports that relates to the two (2) shooting incidents that are the

subject of this coverage action." [Doc. 160, page 9.] But Plaintiff's Request No. 5 did not ask for monthly business reports "relating to the two (2) shooting incidents." Instead, the request was limited – it sought monthly business reports "that mention the negotiation, issuance, review and/or modification or amendment of the Policies."

As Ciminelli's quoted Response clearly states, Ciminelli produced the portions of the monthly operating reports that mention the negotiation, issuance, review and/or modification or amendment of Plaintiff's Policies. Those portions involved the 2015 and 2016 renewals of the liability insurance, notice of the shooting incident provided to Plaintiff, notice of claims provided to Plaintiff, and coverage issues raised by Plaintiff "due to a typographical error on the insurance application." Since there has been a full response producing the responsive portions of the monthly operating reports, Plaintiff's motion to compel should be denied.

It is evident that Plaintiff seeks to compel other portions of the monthly business reports, although those portions were not requested and are not relevant to the issues in this case. On pages 9-10 of the motion to compel, Plaintiff simply repeats its relevancy arguments from pages 8-9. Ciminelli has already outlined the types of business reporting made to Republic and explained why those other business considerations have no relevance to the insurance coverage issues. Ciminelli relies on its arguments above. The Court should reject Plaintiff's repeated arguments.

WHEREFORE, Ciminelli respectfully requests that the Court deny Plaintiff's motion to compel in all respects.

Respectfully submitted,

s/ *David B. Shelton*

DAVID B. SHELTON, ESQUIRE
Florida Bar No. 0710539
RUMBERGER, KIRK & CALDWELL, P.A.
Post Office Box 1873
Orlando, Florida  32802-1873
Telephone:  (407) 872-7300
Telecopier:  (407) 841-2133
E-mail:  dshelton@rumberger.com
Attorneys for Defendant,
Ciminelli Real Estate Services of Florida, LLC

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 27, 2017, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will serve all CM/ECF participants in this case.  I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to the following non-CM/ECF participants:  **Elizabeth Garcia, DC Number X92411, c/o Hernando Correctional Facility, 16415 Spring Hill Drive, Brookville, Florida 34604-8167.**

s/ *David B. Shelton*

DAVID B. SHELTON, ESQUIRE
Florida Bar No. 0710539
RUMBERGER, KIRK & CALDWELL, P.A.
Lincoln Plaza, Suite 1400
300 South Orange Avenue (32801)
Post Office Box 1873
Orlando, Florida  32802-1873
Telephone:  (407) 872-7300
Telecopier:  (407) 841-2133
E-mail:  dshelton@rumberger.com
Attorneys for Defendant,
Ciminelli Real Estate Services of Florida, LLC

14